# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ive Sullivan, | No. CV-19-02275-PHX-DWL (ESW) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Ive Sullivan's ("Petitioner") Amended "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus" (the "Amended Petition") (Doc. 6). For the reasons explained herein, the undersigned recommends that the Court dismiss the Amended Petition (Doc. 6) as untimely.

## I. BACKGROUND

On June 4, 2014, Petitioner pled guilty in the Superior Court of Arizona to one count of misconduct involving weapons, a class four felony. (Bates No. 133). The trial court accepted Petitioner's guilty plea. (*Id.*). At the sentencing hearing on July 11, 2014, the trial court sentenced Petitioner to a ten-year prison term after finding that Petitioner had two prior felony convictions. (Bates No. 138).

On August 25, 2014, Petitioner filed an of-right Notice of Post-Conviction Relief

("PCR").  (Bates Nos. 142-44).  The trial court appointed counsel, who could not find a colorable claim for relief.  (Bates Nos. 146-51).  Petitioner subsequently filed a pro se PCR Petition.  (Bates Nos. 156-73).  On September 22, 2015, the trial court dismissed the PCR Petition.  (Bates Nos. 195-96).

On October 26, 2015, Petitioner appealed the trial court's dismissal of his PCR proceeding.  (Bates Nos. 198-214).  On May 11, 2017, the Arizona Court of Appeals affirmed the trial court's decision denying PCR relief.  (Bates Nos. 216-18).  Petitioner did not seek further review by the Arizona Supreme Court.  (Bates No. 220).

On May 24, 2017, Petitioner filed a second PCR Notice.  (Bates Nos. 226-29).  The trial court dismissed the proceeding as untimely.  (Bates Nos. 231-33).  Petitioner thereafter initiated another PCR proceeding on July 11, 2017.  (Bates Nos. 235-41).  The trial court dismissed the proceeding as untimely.  (Bates Nos. 243-44).  Petitioner sought further review by the Arizona Court of Appeals, which granted review but denied relief.  (Bates Nos. 246-53).  The Supreme Court denied further review.  (Bates Nos. 275, 277).

On April 8, 2019, Petitioner initiated this federal habeas proceeding.  (Doc. 1).  The Court directed the Clerk of Court to serve the Amended Petition (Doc. 6).  (Doc. 7). Respondents filed their Limited Answer on February 28, 2020.  (Doc. 15).  Petitioner filed a Reply on June 1, 2020.  (Doc. 18).

## II.  LEGAL STANDARDS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a state prisoner must file his or her federal habeas petition within one year of the latest of:

> A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;

> C. The date on which the right asserted was initially recognized

by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or

D. The date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling. Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

## III. DISCUSSION

### A. This Proceeding is Untimely

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of the limitations period, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S 147, 156 (2007) (internal quotation marks and citation omitted).

Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. S*ee* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 of-right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4.

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007). The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Id.* at 717. Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id*.

Here, Petitioner was sentenced on July 11, 2014. (Bates Nos. 137-40). On September 22, 2015, the trial court filed its order denying Petitioner's of-right PCR Petition. (Bates Nos. 195-96). On May 11, 2017, the Arizona Court of Appeals affirmed the trial court's decision denying PCR relief. (Bates Nos. 216-18). Petitioner had thirty days from May 11, 2017 to petition the Arizona Supreme Court for review of the decision. Ariz. R. Crim. P. 31.19(a). Thirty days from May 11, 2017 is June 10, 2017. However, because June 10, 2017 was a Saturday, the deadline for filing an of-right PCR notice expired on Monday, June 12, 2017. *See* Ariz. R. Crim. P. 1.3(a) (stating that in computing time periods, "[t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."). Petitioner did not

petition the Arizona Supreme Court for review within this timeframe. The undersigned finds that Petitioner's convictions became final on June 12, 2017, the date the time to seek review expired.   Therefore, the one-year statute of limitations began running on June 13, 2017.  *Summers*, 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying the "anniversary method" of Rule 6(a) of the Federal Rules of Civil Procedure to calculate the expiration date of AEDPA's one-year statute of limitations).  Consequently, unless statutory or equitable tolling applies, Petitioner's one-year deadline to file a habeas petition expired on June 12, 2018, rendering this proceeding untimely.

### 1. Statutory Tolling Does Not Apply

A statutory tolling analysis under AEDPA begins by determining whether the collateral review petition was "properly filed."  This is because statutory tolling does not apply to collateral review petitions that are not "properly filed."  *Pace*, 544 U.S. at 417; 28 U.S.C. § 2244(d)(2).  A collateral review petition is "properly filed" when its delivery and acceptance are in compliance with state rules governing filings.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Orpiada v. McDaniel*, 750 F.3d 1086, 1089 (9th Cir. 2014) (court looked to Nevada state filing requirements in determining whether habeas petitioner's PCR petition was a "properly filed" application that is eligible for tolling).  This includes compliance with filing deadlines.  An untimely state collateral review petition is not "properly filed." *Pace*, 544 U.S. at 417 (holding that "time limits, no matter their form, are 'filing' conditions," and that a state PCR petition is therefore not "properly filed" if it was rejected by the state court as untimely).

Here, the trial court dismissed as untimely Petitioner's PCR proceedings initiated in May 2017 and July 2017.  (Bates Nos. 231-33, 243-44).  Accordingly, Petitioner's second and third PCR proceedings had no statutory tolling effect.  *Pace*, 544 U.S. at 417.

### 2. Equitable Tolling is Unavailable

Regarding equitable tolling, Petitioner has the burden to show that extraordinary circumstances beyond Petitioner's control made it impossible for him to file a timely federal petition. *Roy,* 465 F.3d at 969; *Gibbs,* 767 F.3d at 888 n.8. A petitioner's pro se status, on its own, is not enough to warrant equitable tolling. *See, e.g., Johnson v. United States,* 544 U.S. 295, 311 (2005). In addition, a petitioner's miscalculation of when the limitations period expired does not constitute an "extraordinary circumstance" warranting equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Alexander v. Schriro,* 312 F. App'x 972, 976 (9th Cir. 2009) ("Ultimately [the petitioner] made an incorrect interpretation of the statute and miscalculated the limitations period. This does not amount to an 'extraordinary circumstance' warranting equitable tolling.").

There is no indication in the record that the circumstances of Petitioner's incarceration made it "impossible" for Petitioner to timely file a federal habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010) (finding that equitable tolling was not warranted where the petitioner's counsel failed to perfect a timely appeal, failed to inform the petitioner of the deadline for filing a state habeas petition, and failed to provide the petitioner with his case files in a timely manner, explaining that attorney negligence did not amount to "extraordinary circumstances" and did not prevent the petitioner from timely filing a federal habeas petition); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that equitable tolling did not apply where there was "no indication in the record that [circumstances] made it 'impossible' for [prisoner] to file on time"); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002) (allegations that the petitioner lacked legal knowledge and had to rely on other prisoners for legal advice and in preparing his papers "cannot justify equitable tolling" as such circumstances are not "extraordinary"). Petitioner has failed to show the existence of "extraordinary circumstances" that were the proximate cause of the untimely filing of this proceeding. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (for equitable tolling to apply, a "prisoner must show that the

'extraordinary circumstances' were the cause of his untimeliness"). Equitable tolling therefore is unavailable. Accordingly, because the limitations period was not statutorily or equitably tolled, the Amended Petition (Doc. 6) is untimely.

### B. The Actual Innocence/*Schlup* Gateway Does Not Apply to Excuse the Untimeliness of the Amended Petition

In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "Schlup gateway" or the "miscarriage of justice exception."

Under *Schlup*, a petitioner seeking federal habeas review under the miscarriage of justice exception must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *McQuiggin*, 133 S.Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence"). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 327). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne,* 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

To the extent Petitioner may assert the actual innocence/*Schlup* gateway, Petitioner has not presented any new reliable evidence establishing that he is factually innocent of his convictions. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) ("In order to present otherwise time-barred claims to a federal habeas court under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of

cases . . . implicating a fundamental miscarriage of justice.'") (citations omitted); *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013) ("[W]e have denied access to the Schlup gateway where a petitioner's evidence of innocence was merely cumulative or speculative or was insufficient to overcome otherwise convincing proof of guilt."). Because Petitioner has failed to satisfy his burden of producing "new reliable evidence" of his actual innocence, the undersigned recommends that the Court find that Petitioner cannot pass through the actual innocence/*Schlup* gateway to excuse the untimeliness of this federal habeas proceeding.[1]  *See Smith v. Hall*, 466 F. App'x 608, 609 (9th Cir. 2012) (explaining that to pass through the *Schlup* gateway, a petitioner must first satisfy the "threshold requirement of coming forward with 'new reliable evidence'"); *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003) ("To meet [the *Schlup* gateway standard], [petitioner] must first furnish 'new reliable evidence . . . that was not presented at trial.'").

## IV.  CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Amended Petition (Doc. 6) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Amended Petition is justified by a plain procedural bar.

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed. R. App. P.

---

[1] Moreover, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin,* 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson,* 742 F.3d 1131, 1134-35 (9th Cir. 2013); *United States v. Avery,* 719 F.3d 1080, 1084-85 (9th Cir. 2013).

4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.   Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).   Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 27th day of August, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge