1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Ive Sullivan,                          No. CV-19-02275-PHX-DWL

10                    Petitioner,            **ORDER**

11   v.

12   Charles L Ryan, et al.,

13                    Respondents.

14

15          On April 8, 2019, Petitioner filed a petition for a writ of habeas corpus under 28

16   U.S.C. § 2254.  (Doc. 1.)  Petitioner thereafter filed an amended petition.  (Doc. 6.)  On

17   August 27, 2020, Magistrate Judge Willett issued a Report and Recommendation ("R&R")

18   concluding the amended petition should be denied.  (Doc. 19.)  Afterward, Petitioner filed

19   objections to the R&R (Doc. 20) and Respondents filed a response (Doc. 24).  For the

20   following reasons, the Court will overrule Petitioner's objections, adopt the R&R, and

21   terminate this action.

22   I.     Background

23          *The Guilty Plea And Sentence*.  On June 4, 2014, Petitioner pleaded guilty to one

24   count of misconduct involving weapons.  (Doc. 19 at 1.)

25          On July 11, 2014, sentencing took place.  (*Id.*)  The trial court imposed a sentence

26   of 10 years' imprisonment after finding that Petitioner had two prior felony convictions.

27   (*Id.*)

28          *The First PCR Proceeding*.  On August 25, 2014, Petitioner filed an as-right notice

1   of post-conviction relief ("PCR").  (*Id.* at 1-2.)  After Petitioner's court-appointed counsel
2   could not identify any colorable claims, Petitioner filed a *pro se* PCR petition.  (*Id.* at 2.)

3          On September 22, 2015, the trial court dismissed the PCR petition.  (*Id.*)

4          On October 26, 2015, Petitioner filed a notice of appeal.  (*Id.*)

5          On May 11, 2017, the Arizona Court of Appeals affirmed.  (*Id.*)  Petitioner did not
6   seek further review of that decision in the Arizona Supreme Court.  (*Id.*)

7          *The Successive PCR Proceedings*.  On May 24, 2017, Petitioner filed a second PCR
8   notice.  (*Id.*)  The trial court dismissed it as untimely.  (*Id.*)

9          On July 11, 2017, Petitioner initiated a third PCR proceeding.  (*Id.*)  The trial court
10  dismissed it as untimely.  (*Id.*)  Petitioner subsequently sought review of that decision in
11  the Arizona Court of Appeals, which denied relief, and in the Arizona Supreme Court,
12  which denied review.  (*Id.*)

13         *The Habeas Claims*.  On April 8, 2019, Petitioner initiated this action by filing a
14  habeas petition.  (Doc. 1.)  In the amended petition (Doc. 6), Petitioner asserts three claims:
15  "In Ground One, Petitioner alleges his Fourth Amendment rights were violated when he
16  was stopped for a traffic violation even though his registration was not expired and
17  Petitioner did not make an improper turn.  Petitioner claims he was then subjected to an
18  illegal search that resulted in his arrest.  In Ground Two, Petitioner alleges his Fourteenth
19  Amendment rights were violated when the grand jury was 'misled into believing police
20  had probable cause to perform a traffic stop' and his counsel failed to timely challenge the
21  grand jury proceedings.   In Ground Three, Petitioner claims he received ineffective
22  assistance of counsel, in violation of the Sixth Amendment."  (Doc. 7 at 2.)

23         *The R&R*.  The R&R concludes that Petitioner's claims are barred by AEDPA's
24  one-year statute of limitations.  (Doc. 19 at 3-8.)  Specifically, the R&R concludes that
25  Petitioner's state-court conviction became final on June 12, 2017, which is when the time
26  expired for Petitioner to seek review in the Arizona Supreme Court of the Arizona Court
27  of Appeals' decision affirming the denial of relief in his first PCR proceeding.  (*Id.* at 3-5.)
28  The R&R further concludes that (1) Petitioner is not entitled to statutory tolling for the

1   periods in which his second and third PCR proceedings were pending, because "statutory

2   tolling does not apply to collateral review petitions that are not 'properly filed'" (*id.* at 5);

3   (2) Petitioner is not entitled to equitable tolling during those periods, because "a

4   petitioner's miscalculation of when the limitations period expired does not constitute an

5   'extraordinary circumstance' warranting equitable tolling" (*id.* at 6-7); and (3) the "actual

6   innocence" gateway is inapplicable because "Petitioner has not presented any new reliable

7   evidence establishing that he is factually innocence of his convictions" (*id.* at 7-8). Thus,

8   the R&R concludes that Petitioner had to seek habeas relief by June 12, 2018 to comply

9   with AEDPA's one-year statute of limitations and his filing in April 2019 came too late.

10  (*Id.* at 5.)

11  II.    <u>Legal Standard</u>

12          A party may file written objections to an R&R within fourteen days of being served

13  with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those

14  objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being

15  served with a copy of the recommended disposition, a party may serve and file specific

16  written objections to the proposed findings and recommendations.").

17          District courts are not required to review any portion of an R&R to which no specific

18  objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does

19  not appear that Congress intended to require district court review of a magistrate's factual

20  or legal conclusions, under a *de novo* or any other standard, when neither party objects to

21  those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)

22  ("[T]he district judge must review the magistrate judge's findings and recommendations

23  de novo if objection is made, but not otherwise."). Thus, district judges need not review

24  an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013

25  WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would

26  defeat the efficiencies intended by Congress, a general objection 'has the same effect as

27  would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2

28

(D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

III.    Analysis

Petitioner has filed objections to the R&R.  (Doc. 20.)  He appears to raise the following four arguments: (1) the R&R failed to analyze the merits of his habeas claims (*id.* at 1, 3); (2) the R&R's assertion that he "did not seek further review by the Supreme Court is incorrect" (*id.* at 2); (3) "[e]ven if Petitioner did not present his claims to the Supreme [Court], he was only required to present his claims to the Arizona Court of Appeals for one round in order to proceed into federal court" (*id.*); and (4) the R&R incorrectly states that he filed three PCR petitions, but the filings on May 24, 2017 and July 11, 2017 were part of the same proceeding (*id.*).

These objections lack merit.  First, the magistrate judge was not required to analyze the merits of Petitioner's habeas claims in light of her determination that those claims were time-barred.  *Cf. McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal "for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims").  Second, although Petitioner did "seek further review by the Supreme Court" with respect to his *final* PCR proceeding, he points to no evidence that he also sought review by the Supreme Court during his *initial* PCR proceeding.  Indeed, the evidence in the record affirmatively shows that he did not.  (Doc. 15-4 at 7.)  Third, although Petitioner may be correct that, for exhaustion purposes, it is unnecessary to ask the Arizona Supreme Court to review an appellate decision denying PCR relief, the R&R doesn't recommend dismissal based on a lack of exhaustion—instead, dismissal is warranted based on Petitioner's failure to comply with AEDPA's one-year statute of limitations.  Fourth, it is irrelevant whether Petitioner's second and third PCR proceedings should have been treated as the same proceeding.  Even assuming they should have been treated as a single proceeding, that proceeding still would have been considered untimely and thus not "properly filed" for

---

[1]    *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections.  General objections that do not direct the district court to the issues in controversy are not sufficient. . . .  [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

purposes of statutory tolling.

Accordingly, **IT IS ORDERED** that:

(1)    Petitioner's objections to the R&R (Doc. 20) are **overruled**.

(2)    The R&R's recommended disposition (Doc. 19) is **accepted**.

(3)    The amended habeas petition (Doc. 6) is **dismissed with prejudice**.

(4)    A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

(5)    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 11th day of November, 2020.

Dominic W. Lanza
United States District Judge

- 5 -